UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN B. CAPPONI  as Administrator of the Estate
of LOUISE THERESA CAPPONI,

                                           Plaintiff,

                - against -

JOANN M. MURPHY, WILLOW LANE ASSOCIATES, LP,
DENNIS CAPPONI  and COUNTRY BANK,

                                    Defendants.
------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

08 Civ. 4449(LTS)(DFE)

*ECF CASE*

      Plaintiff, JOHN B. CAPPONI as Administrator of the Estate of LOUISE THERESA

CAPPONI, ("the ADMINISTRATOR"), complaining of defendants, JOANN M. MURPHY,

WILLOW LANE ASSOCIATES, LP, DENNIS CAPPONI  and COUNTRY BANK, respectfully

shows to this Court alleges:

### JURISDICTION AND PARTIES

      1.     Louise Theresa Capponi ("Decedent"),  was a resident of the State of Virginia

when she died on March 11, 2007.

      2.     On May 16, 2007 JOHN B. CAPPONI, ("Administrator"), the son of the

decedent, duly qualified and was granted Letters of Administration ("Letters of Administration"),

by the Circuit Court of the County of Clarke, State of Virginia, in connection with the Estate of

Louise Theresa Capponi. (Annexed hereto as Exhibit A is a copy of the certification of

appointment).

3.     Upon information and belief the aforementioned Letters of Administration are currently in full force and effect.

4.     At all times hereinafter mentioned, WILLOW LANE ASSOCIATES, was a partnership organized under and by virtue of the laws of the State of New York.

5.     On or about July 6, 2000, WILLOW LANE ASSOCIATES amended its name to WILLOW LANE ASSOCIATES, LP, ("WILLOW ASSOCIATES"), a limited partnership organized under and by virtue of the laws of the State of New York.

6.     At all times hereinafter mentioned, defendant, JOANN MURPHY, was the general partner of WILLOW ASSOCIATES.

7.     At all times hereinafter mentioned, defendant, JOANN MURPHY, was a resident of the State of New York.

8.     At all times hereinafter mentioned, each of the limited partners of WILLOW ASSOCIATES, Joseph M. Murphy, Jr., Carolyn T. Murphy, Mary J. Murphy, Patricia A. Macgillivray and Antonette Polcini, were residents of the State of New York.

9.     At all times hereinafter mentioned, defendant DENNIS CAPPONI, was a resident of the State of New York.

10.    At all times hereinafter mentioned, defendant, COUNTRY BANK, was a banking institution organized under and by virtue of the laws of the State of New York.

11.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a) in that it is an action between a citizen of a state, and a citizen or subject of a foreign state and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs

and interest.

## **BACKGROUND**

12.     At the time of her death and for some time prior thereto, Decedent was a limited

partner in WILLOW ASSOCIATES

13.     Upon information and belief, Decedent's interest in the entity WILLOW

ASSOCIATES was at all times no less than 20% of the entity.

14.     WILLOW ASSOCIATES was the owner of certain real property known as 3111

Willow Lane, in the County of the Bronx, State of New York, as well as certain personal

property as well.

15.     On or about June 10, 2005, WILLOW ASSOCIATES transferred the real property

described hereinabove, to Willow Properties LLC.

16.     Upon information and belief, defendant JOANN MURPHY was a general partner

of the entity WILLOW ASSOCIATES.

17.     Decedent reposed her trust and confidence in JOANN MURPHY as the general

partner of WILLOW ASSOCIATES.

18.     At all times mentioned Decedent had a right to rely on defendant JOANN

MURPHY in her capacity as general partner of defendant WILLOW ASSOCIATES.

19.     Prior to her death, Decedent demanded of JOANN MURPHY and of WILLOW

ASSOCIATES that she be provided with an accounting of the activities of WILLOW

ASSOCIATES, but she has never received same.

20.     Subsequent to Decedent's death, on a number of occasions the

ADMINISTRATOR, demanded of JOANN MURPHY and of WILLOW ASSOCIATES that he

be provided with an accounting of the activities of WILLOW ASSOCIATES, but he never received same.

21.     On or about August 9, 2005, defendant JOANN MURPHY, swore under oath that in her capacity as general partner of WILLOW ASSOCIATES, she gave a check in the sum of $216,000 rightfully belonging to Louise Theresa Capponi, to defendant DENNIS CAPPONI.

22.     In her affidavit dated August 9, 2005, defendant JOANN MURPHY, also swore under oath that the aforementioned check in the sum of $216,000 was deposited into an interest bearing account at defendant COUNTRY BANK.

23.     On or about August 20, 2005, defendant DENNIS CAPPONI swore under oath that he received a check, made payable to Louise Theresa Capponi in the sum of $216,000, representing her interest in defendant WILLOW ASSOCIATES, but that he did not give it to Louise Theresa Capponi.

24.     On or about August 20, 2005, defendant DENNIS CAPPONI swore under oath that he did not deposit the aforementioned check in an escrow account on behalf of Louise Theresa Capponi.

25.     In an affidavit dated August 9, 2005, Antoinette Polcini, swore under oath that defendant JOANN MURPHY gave a check in the sum of $216,000 which represented proceeds rightfully belonging to Louise Theresa Capponi to defendant DENNIS CAPPONI.

26.     Antoinette Polcini also swore under oath on August 9, 2005, that the aforementioned check in the sum of $216,000 was deposited into an interest bearing account at defendant COUNTRY BANK.

27.     Upon information and belief Joseph M. Murphy is the husband of defendant

4

JOANN MURPHY.

28.    Upon information and belief Joseph M. Murphy is the Chairman and a shareholder, owner, officer and director of defendant COUNTRY BANK.

29.    On or about June 20, 2007, an attorney acting of behalf of Plaintiff, provided a certification from the Deputy Clerk of the Circuit Court of the County of Clarke, State of Virginia, (with a raised seal), indicating that JOHN B. CAPPONI was the duly appointed Administrator of the Estate of Decedent and demanded on behalf of the Administrator that defendant COUNTRY BANK, turn over the $216,000 plus interest rightfully belonging to the Estate of Louise T. Capponi. (Annexed hereto as Exhibit B is a copy of the letter of Hanna Lee Rodriquez, Esq., demanding $216,000 plus interest).

30.    On or about December 13, 2007, a second attorney acting of behalf of Plaintiff again provided a certification from the Deputy Clerk of the Circuit Court of the County of Clarke, State of Virginia, (with a raised seal), indicating that JOHN B. CAPPONI was the duly appointed Administrator of the Estate of Decedent and again demanded in writing that defendant COUNTRY BANK, turn over the $216,000 plus interest rightfully belonging to the Estate of Louise T. Capponi. (Annexed hereto as Exhibit C is a copy of the letter of Joann T. Palumbo, Esq., demanding $216,000 plus interest).

31.    In a letter dated September 10, 2007, William J. Burke, the President of defendant COUNTRY BANK, wrote "We have checked our files and have no account under the name of Louise T. Capponi." (Annexed hereto as Exhibit D is a copy of the aforementioned letter).

32.    Other than the foregoing letter from defendant COUNTRY BANK, no information has been provided by said defendant to either of the attorneys representing Plaintiff.

5

## AS A FIRST CLAIM FOR RELIEF

### (Conversion)

33.    Plaintiff repeats, reiterates and realleges each and every allegation set forth hereinabove, as if set forth herein at length.

34.    Plaintiff in his capacity as Administrator of the Estate of Louise T. Capponi, is lawfully entitled to the sum of $216,000 which was allegedly delivered by defendant WILLOW ASSOCIATES to defendant DENNIS CAPPONI.

35.    Plaintiff has demanded from defendants JOANN MURPHY, DENNIS CAPPONI, WILLOW ASSOCIATES  and COUNTRY BANK that they turn over the sum of $216,000 with interest, but said defendants have refused to do so.

36.    Defendants JOANN MURPHY, DENNIS CAPPONI, WILLOW ASSOCIATES and COUNTRY BANK, have no right to the aforementioned monies.

37.    Defendants JOANN MURPHY, DENNIS CAPPONI, WILLOW ASSOCIATES and COUNTRY BANK, have converted the Plaintiff's monies.

38.    Plaintiff has been damaged in a sum of money, no less than $216,000 plus interest from June 10, 2005.


## AS A SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

39.    Plaintiff repeats, reiterates and realleges each and every allegation set forth hereinabove, as if set forth herein at length.

40.    Defendants JOANN MURPHY, DENNIS CAPPONI, WILLOW ASSOCIATES

and COUNTRY BANK, have no legally cognizable right to the $216,000 referred to hereinabove.

41.    By reason thereof, defendants JOANN MURPHY, DENNIS CAPPONI, WILLOW ASSOCIATES and COUNTRY BANK have been unjustly enriched in a sum of money no less than $216,000 plus interest from June 10, 2005.

42.    Plaintiff has no adequate remedy at law.

43.    Plaintiff has been damaged in a sum of money, no less than $216,000 plus interest from June 10, 2005.

## AS A THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

44.    Plaintiff repeats, reiterates and realleges each and every allegation set forth hereinabove, as if set forth herein at length.

45.    Decedent relied on defendant JOANN MURPHY to act properly, fairly and equitably in her capacity as general partner of WILLOW ASSOCIATES.

46.    At all times hereinbefore mentioned, Plaintiff Administrator relied on defendant JOANN MURPHY to act properly, fairly and equitably in her capacity as general partner of WILLOW ASSOCIATES.

47.    In failing to make the payment set forth above to Decedent or the Administrator, (and other payments as determined by an accounting), defendant JOANN MURPHY breached her fiduciary duty to the Decedent.

48.    For the reasons set forth hereinabove, Plaintiff has been damaged in a sum of money, no less than $216,000 plus interest from June 10, 2005.

7

## AS A FOURTH CLAIM FOR RELIEF

### (Accounting)

49.    Plaintiff repeats, reiterates and realleges each and every allegation set forth hereinabove, as if set forth herein at length.

50.    In her capacity as a partner of defendant WILLOW ASSOCIATES, Decedent was entitled to and demanded an accounting of the affairs and activities of WILLOW ASSOCIATES.

51.    In his capacity as Administrator of the Estate of Louise Theresa Capponi, Plaintiff has demanded an accounting of the affairs and activities of WILLOW ASSOCIATES.

52.    Neither Decedent nor Plaintiff has ever received an accounting of WILLOW ASSOCIATES.

53.    Plaintiff demands an accounting of the affairs and activities of WILLOW ASSOCIATES from its formation to present.

54.    That an accounting be had between the Plaintiff and the Defendants, WILLOW ASSOCIATES and JOANN MURPHY of their actions as collector of rents and manager of the property known as 3111 Willow Lane.

55.    That the Defendants WILLOW ASSOCIATES and JOANN MURPHY be compelled to turn over to the Plaintiff any money, and the value of any property, which the said Defendants have wrongfully taken and/or withheld from Decedent or Decedent's estate or wasted, with interest.

56.    Plaintiff has no adequate remedy at law.

**WHEREFORE,** plaintiff demands judgment on the First Claim for Relief in a sum of money no less than $216,000, plus interest from June 10, 2005; on the Second Claim for Relief in a sum of money no less than $216,000, plus interest from June 10, 2005; on the Third Claim for Relief in a sum of money no less than $216,000, plus interest from June 10, 2005; and on the Fourth Claim for Relief demanding an accounting and the recovery of any sums of money rightfully belonging to the Estate of Louise Theresa Capponi, together with the costs and disbursements of this action.

Dated: New York, New York
       May 21, 2008

Yours etc.,

IRWIN, LEWIN, COHN & LEWIN, P.C.

By:

Edward Cohn (EC-2225)
Attorneys for Plaintiff
845 Third Avenue Suite 1400
New York, New York 10022
(212) 759-2600
edcohn@ilcllaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN B. CAPPONI, as the Administrator of the Estate of
LOUISE THERESA CAPPONI,

Plaintiff,

-against-

JOANN M. MURPHY, WILLOW LANE ASSOCIATES, LP,
DENNIS CAPPONI and COUNTRY BANK,

Defendants.

## AMENDED COMPLAINT

### IRWIN, LEWIN, COHN & LEWIN, P.C.

*Attorneys for*    Plaintiff

845 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 759-2600

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR.1200.41-a.*

*Dated:* ...........................................    Signature .....................................................................................

Print Signer's Name..................................................................................

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

.................................................................
*Attorney(s) for*

## PLEASE TAKE NOTICE

☐ **NOTICE OF ENTRY**    *that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*    *20*

☐ **NOTICE OF SETTLEMENT**    *that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*    *, one of the judges of the within-named Court,*
*at*
*on*    *20*    *, at*    *M.*

*Dated:*

**IRWIN, LEWIN, COHN & LEWIN, P.C.**

*Attorneys for*

*To:*

845 THIRD AVENUE
NEW YORK, NEW YORK 10022

*Attorney(s) for*

EXHIBIT A

**Virginia: In the Clerk's Office of the Circuit Court of the County of Clarke:**

I, <u>April F. Wilkerson, Deputy Clerk,</u> of the <u>Circuit</u> Court of the <u>County</u> of <u>Clarke</u>,

do hereby certify that on the ___**16th day of May 2007**_____

**John B. Capponi**_____duly qualified in my said Court as

**Administrator of the Estate of Louise Theresa Capponi, deceased**

and gave bond as such according to law, which bond is still in full force

and effect.

Given under my hand, this <u>19th day of March, 2008</u>

_____*April Wilkerson*_____ Deputy   Clerk

EXHIBIT B

# WALKER, JONES, LAWRENCE, DUGGAN & SAVAGE, P.C.

ROBERT deT. LAWRENCE, IV
JOHN RANDOLPH PARKS
POWELL LAWSON DUGGAN
JULIA S. SAVAGE
SUSAN FLOURNOY PIERCE*
FREDERICK H. KRUCK, JR.
CATHERINE M. BOWERS*†
ALLISON CROUCH COPPAGE •
HANNA LEE RODRIGUEZ
MARK F. HYSON

ATTORNEYS AT LAW
CARTER HALL
31 WINCHESTER STREET
WARRENTON, VIRGINIA 20186-2891

———
TELEPHONE: 540-347-9223
FAX: 540-349-1715

H. BEN JONES, JR., Of Counsel
HOWARD P. WALKER, Retired

* also admitted in Washington, D.C.
† also admitted in Kentucky
• also admitted in Ohio

June 20, 2007

Country Bank
200 East 42nd Street
New York, NY 10017

RE:    Estate of Louise T. Capponi
       Date of Birth: December 10, 1928

Dear Sir or Madam:

On May 16, 2007, John B. Capponi qualified as Administrator of the estate of his mother, Louise T. Capponi, who died on March 11, 2007. He has hired this firm to assist him in settling his mother's estate.

It is our understanding from the Petition filed by Dennis Capponi dated August 20, 2005 that Mrs. Capponi was issued a check for $216,000 arising from the sale of New York real estate. An Affidavit by JoAnn Murphy dated August 9, 2005 was attached to that pleading. In her affidavit Ms. Murphy stated that this check was deposited into an interest bearing account at Country Bank awaiting Court action.

Now that Ms. Capponi has passed and Mr. Capponi has the authority to settle her estate, we respectfully request that these funds which had been held pending Court action be distributed to her estate. Please make the check payable to "Estate of Louise T. Capponi" and mail it as follows:

Estate of Louise T. Capponi
c/o Hanna Lee Rodriguez, Esq.
Walker, Jones, Lawrence, Duggan & Savage, P.C.
31 Winchester Street
Warrenton, VA 20186

Page 2
June 13, 2007

     For your convenience, I enclose a raised seal copy of Mr. Capponi's certificate of qualification as Administrator and a copy of JoAnn Murphy's affidavit dated August 9, 2005. If you have any questions or require anything further from me, please do not hesitate to call me at (540) 347-9223.

     Many thanks for your kind attention to this letter. I look forward to hearing from you soon.

                       Sincerely yours,

                       Hanna Lee Rodriguez

Enclosures
H:\Estates_and_Wills\HRodriguez\HR\Client Files\Capponi\CountryBank.ltr.wpd
cc:    John B. Capponi, Administrator

EXHIBIT C



**TARTER KRINSKY & DROGIN** LLP
ATTORNEYS AT LAW

December 13, 2007

Ms. JoAnn M. Murphy
34 Lake Shore Drive
Eastchester, New York 10709

Re: Estate of Louise Capponi

Dear Ms. Murphy:

We are attorneys for John Capponi, as Administrator of the Estate of Louise Capponi (the "Administrator"). A copy of the court document evidencing his appointment as Administrator is enclosed.

Mr. Capponi, in his capacity as Administrator, has been attempting to recover funds that are due to his mother's estate from Willow Lane Associates, a partnership of which you are the general partner (the "Partnership").

We understand from a copy of an affidavit sworn to by you on August 9, 2005, which is enclosed, that you gave a check in the sum of $216,000 to Dennis Capponi "to hold on behalf of his mother." This check represented a distribution from the Partnership after the sale of 3111 Willow Lane in the Bronx. Unfortunately, this check has not been delivered to the Administrator, nor was it deposited into an account in Mrs. Capponi's name. Your affidavit indicates the check was deposited into an "interest bearing account at Country Bank." However, Country Bank has informed the Administrator that it does not hold an account in the name of Louise Capponi.

We, therefore, request that a check in the amount of $216,000, plus interest, representing the distribution due to Mrs. Capponi be made payable to the Estate of Louise T. Capponi, and be delivered to us.

If the funds are not promptly delivered or accounted for, we will take appropriate action on behalf of the Estate.

Very truly yours,

JoAnn T. Palumbo

JTP/cc

NEW YORK OFFICE:

1350 BROADWAY
NEW YORK, NY 10018
TEL: 212. 216. 8000
FAX: 212. 216. 8001

NEW JERSEY OFFICE:

475 WALL STREET
PRINCETON, NJ 08540
TEL: 609. 683. 9494
FAX: 609. 683. 7490

PTARTERKRINSKY.COM
/.TARTERKRINSKY.COM

cc:  John B. Capponi
     Hanna Lee Rodriguez, Esq.
     Walker, Jones, Lawrence, Duggan & Savage, P.C.
     31 Winchester Street
     Warrenton, VA  20186-2896

VIRGINIA: IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF CLARKE COUNTY.

I, Helen Butts, Clerk of the Circuit Court of Clarke County, do hereby certify that on the 16th day of May, 2007, John B Capponi duly qualified as Administrator of the estate of Louise Theresa Capponi, deceased, and gave bond as such according to law, which bond is still in full force and effect.

Given under my hand and seal this 16th day of May, 2007.

_Helen Butts_ _____ Clerk

EXHIBIT D



September 10, 2007


Ms. Hanna Lee Rodriguez,
Walker, Jones, Lawrence, Duggan & Savage P.C.
Carter Hall
31 Winchester Street
Warrenton, Virginia 20186-2896


      Re: Estate of Louise T. Capponi


Dear Ms. Rodriguez,

     We have checked our files and have no account under the r ame of
Louise T. Capponi.


Sincerely,

William J. Burke
President