## McMILLAN, CONSTABILE, MAKER & PERONE, LLP

| | | |
|---|---|---|
| THOMAS R CONSTABILE JR. | **COUNSELLORS AT LAW** | CONNECTICUT OFFICE |
| STEWART J McMILLAN | 2180 BOSTON POST ROAD | 777 SUMMER STREET |
| WILLIAM MAKER, JR. | LARCHMONT, NEW YORK 10538 | STAMFORD, CT 06901 |
| GARY M RIKOON | | TEL. (203) 325-4278 |
| JOHN M. PERONE[1] | TEL: (914) 834-3500 | |
| WILLIAM J. FOSTER, IV | FAX: (914) 834-0620 | NORTHERN WESTCHESTER OFFICE |
| GARY KYME[2] | | 2074 CROMPOND ROAD |
| PATRICIA G. MICEK | | YORKTOWN HEIGHTS, NY 10598 |
| STEWART A. McMILLAN[2] | | TEL: (914) 245-2440 |
| SALVATORE M DI COSTANZO[2] | | |
| | | KEITH J. McMILLAN |
| RITA J MILLER | | WILLIAM G HALBT |
| | | RANDLE G. CARPENTER, JR.[3] |
| [1] RETIRED JUDGE OF THE SUPREME COURT OF THE STATE OF NEW YORK | | CHARLES L. SIDDONS[2] |
| [2] ALSO ADMITTED IN CONNECTICUT | | KATHERINE A. BIALO |
| [3] ALSO ADMITTED IN NORTH CAROLINA | | RICHARD C. RAYMOND[4] |
| [4] ALSO ADMITTED IN DISTRICT OF COLUMBIA | | OF COUNSEL |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 6 2008

July 15, 2008

*Via Facsimile (212) 805-0417*
*& Regular Mail*
United States District Court –
Southern District of New York
500 Pearl Street
New York, NY 10007
Attn:    Judge Laura Taylor Swain
        Mr. Friedman, Law Clerk

## MEMO ENDORSED

IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do [...] such certification to Chambers.

Re:     **United States District Court, Southern District of New York**
        **Capponi v. Murphy,** *et al.*
        **Docket No.: 08 Civ. 4449 (LTS) (DFE)**

Dear Mr. Friedman:

Please allow this letter to memorialize my telephone call to the Court today in response to the letter which I received from Plaintiff's counsel (Edward Cohn) dated July 11, 2008 and to act in furtherance of my several telephone calls to Mr. Cohn over the course of the last several weeks regarding this case (none of which Mr. Cohn returned).

Please allow this letter to also confirm that I duly telephoned Plaintiff's counsel, Mr. Cohn, today at the Court's instruction (for purposes of entering into a stipulation). I was told, however, that Mr. Cohn is out of the office and is unavailable until Monday. An associate from his firm telephoned me later in the day - but told me he did not have authority to consent to a stipulation.

Mr. Cohn's July 11, 2008 letter, which was received today, seeks a right to bring a default motion against the Defendants herein for failure to answer or otherwise reply to the Plaintiff's Complaint.

Mr. Cohn is distorting the facts as they truly exist in this case with respect to his claim that this firm failed to answer or otherwise respond on behalf of the Defendants.

Copies mailed/faxed to ___Mr. McMILLAN___
Chambers of Judge Swain
                        7-16-08

## McMILLAN, CONSTABILE, MAKER & PERONE, LLP

On or about June 20, 2008, I first received a copy of the Summons and Complaint from Dennis Capponi (one of the Defendants in this matter).

At or about that date, I began investigating whether or not I could represent all of the Defendants in this matter (i.e. whether a conflict existed) and the basis of the Plaintiff's Complaint.

In order to protect my clients' interests I first telephoned the Plaintiff's counsel, Edward Cohn, for purpose of determining whether all of the Defendants had been served (it was my understanding that only Dennis Capponi had been served as of that date) and, on the request of my clients, to gauge the Plaintiff's position on a settlement.

I also duly sought time for responding to the Plaintiff's Summons and Complaint in order to protect my clients' interests.

Accordingly, I telephoned Mr. Cohn numerous times and left voicemail messages on his machine and/or with his secretary every single time. Having not received a return phone call I drafted and served upon Mr. Cohn a standard form stipulation requesting an Extension of Time to answer, move or otherwise respond. Thereafter I again followed up with several telephone calls to Mr. Cohn and his firm - in which I specifically requested that, if there was any problem, please advise me, in writing. Mr. Cohn never responded.

Having not heard back, on July 11, 2008 I served a notice for one final adjournment - again for two (2) weeks.

The July 11, 2008 letter followed from Mr. Cohn - via regular mail. Mr. Cohn also sent a copy of the same letter directly to my clients even though he was fully aware I am counsel on this case.

Because Mr. Cohn has not responded to me and has apparently rejected my request for an extension (which I first learned of today - despite having sent the stipulations) accordingly, please allow this letter to act as a formal request of this Court for additional time to respond to the Plaintiff's Complaint.

This lawsuit involves an unfortunate dispute between two (2) brothers, Dennis and John Capponi, over their deceased mother's (Louise Capponi) Estate.

The substance of Louise Capponi's remaining estate, a check for $216,000 is at issue (along with significant monies which the Plaintiff, John Capponi improperly spent before Louise died). The $216,000 check has not been spent. It is in an interest bearing account awaiting Court Resolution.

My client, Dennis Capponi, claims that the Plaintiff, John Capponi, his brother, systematically bilked their mother Louie's estate in her waning years, while she was in ill health, to Dennis' detriment as the only other remaining distributee.

I am currently in possession of documents showing that, the Plaintiff, John Capponi dissipated and/or used, for his own purposes, proceeds in Louise Capponi's bank accounts, pension funds, social security funds and dividend checks all belonging to his mother. At that time, his mother was in ill health and incapable of making an informed decision.

John Capponi's actions resulted in Dennis Capponi bringing a prior Guardianship in Bronx County Supreme Court in which Hon. Judge Alexander Hunter, Jr., ruled Louise Capponi to be a person

MᶜMILLAN. CONSTABILE. MAKER & PERONE. LLP

in need of guardianship (AIP) (a copy of the Bronx Supreme Court's final Judgement and Order is attached hereto).

Dennis Capponi consented to his brother being appointed Guardian in said proceeding only with the express understanding that John would be required to look out after his mother's best interests and file periodic accountings showing how all of Louise's money had been spent (as per the Court's Order following the Hearing).

Instead, in direct violation of the Court's Order, John moved his infirm mother down to Virginia (without ever notifying either Dennis, her relatives or more importantly, the Bronx Supreme Court).

Louise died just months later, after which John apparently sought letters of Administration in Virginia.

It is the Defendants' position that the Virginia Court never had jurisdiction over the money in New York and that this Court must issue a ruling with respect to John Capponi's alleged misappropriation of Louise's monies.

It is also the Defendants' position, without limitation, that Louise (who had been ruled an AIP by the Bronx Supreme Court) was incapable of issuing an informed decision. Such an important decision should have been left to the Court, not to the Plaintiff, John Capponi.

Please indicate to me if this is acceptable to the Court.

Very Truly Yours,

Stewart A. McMillan, Esq.

Enclosures

cc: Edward Cohn (*via facsimile (212) 593-1318 & regular mail*)

SAM:sw
9910 Capponi:USDC Correspn:Request for Extension

The Court construes the foregoing as a request for an extension of time to respond to the complaint. Defendants' time to respond is extended to July 25, 2008.

SO ORDERED.

7/16/08

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE